IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LLOYD GOODNOW,

    Plaintiff,

v.                                                     CASE NO. 1:20-cv-267-MW-GRJ

THIRD CONG. DIST. OF FLA.,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's *pro se* Complaint. ECF No. 1. Plaintiff, owner and operator of Goodnow Frontier Security Services, filed this action "looking to receive justice for services rendered as directed" by Defendant. *Id.* at 4–5. Plaintiff specifically alleges that Ted Yoho, in his official capacity when he was the United States Representative for Florida's Third Congressional District, engaged Plaintiff's company to "lawfully gain information on … terrorist training camps" for the Department of Homeland Security and advised he would pay for the costly and time-sensitive surveillance. *Id.* at 7. Plaintiff loosely asserts a state-law breach-of-contract claim to recover "monies owed" in the amount of $17,132. *Id.*

Plaintiff filed the instant Complaint on November 23, 2020, ECF No. 1, and, after unsuccessfully applying to proceed *in forma pauperis*, ECF No. 4, paid the requisite filing fee on December 2, ECF No. 5.  Six days later, the undersigned advised Plaintiff, in a written order, that he must serve Defendant within 90 days of filing the Complaint (by February 22) and file any executed summons with the Court.  ECF No. 8.  When Plaintiff failed to file an executed summons reflecting timely service on Defendant by February 22, the undersigned entered an order to show cause directing Plaintiff to serve Defendant by March 5 or explain "why this action should not be dismissed for failure to effect service."  ECF No. 9.  To date, Plaintiff has neither responded to the Court's February 23 order nor filed an executed summons reflecting proper service on Defendant.

Federal Rule of Civil Procedure 4(m) states in pertinent part: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Plaintiff is subject to this procedural requirement even though he is proceeding *pro se*, *Moon v. Newsome*, 8633 F.2d 835, 837 (11th Cir. 1989), and he has not shown

good cause for failing to effect timely service, Fed. R. Civ. P. 4(m).[1]  As such, the Court must dismiss this action without prejudice.  *See Nelson v. Barden*, 145 F. App'x 303, 311 n.10 (11th Cir. 2005) (affirming the dismissal of a *pro se* litigant's case against government agents for failure to effect timely service of process).

Alternatively, this case is due to be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) because Plaintiff failed to comply with the Court's December 8, 2020, and February 23, 2021, orders, ECF Nos. 8, 9, directing him to effect service on Defendant.  *See Kammona v. Onteco Corp.*, 587 F. App'x 575, 582 (11th Cir. 2014) (applying the Rule 41(b) standard for dismissal when plaintiff failed to comply with district court's orders requiring service within a specified time).  The record reflects Plaintiff's disregard for the Court's orders thus far, and lesser sanctions will not suffice to remedy the resulting delay.  *Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005).

---

[1] In the absence of any argument for an extension by Plaintiff, the Court has considered "whether any other circumstances warrant an extension of time based on the facts of the case." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).

Accordingly, it is respectfully **RECOMMENDED** that the Complaint, ECF No. 1, should be **DISMISSED without prejudice** for failure to effect timely service under Rule 4(m) or, alternatively, for failure to comply with a court order under Rule 41(b).

**IN CHAMBERS** this 16th day of March 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.