IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LLOYD GOODNOW,

     Plaintiff,

v.                                   CASE NO. 1:20-cv-267-MW-GRJ

THIRD CONG. DIST. OF FLA.,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's *pro se* Complaint.  ECF No. 1.

For the reasons discussed below, it is respectfully **RECOMMENDED** that

this action should be **TRANSFERRED** to the United States Court of

Federal Claims.

Plaintiff, owner and operator of Goodnow Frontier Security Services,

filed this action "looking to receive justice for services rendered as directed"

by Defendant.  ECF No. 1 at 4–5.  Plaintiff specifically alleges that Ted

Yoho, in his official capacity when he was the United States Representative

for Florida's Third Congressional District, engaged Plaintiff's company to

"lawfully gain information on … terrorist training camps" for the Department

of Homeland Security and advised he would pay for the costly and time-

sensitive surveillance.  *Id.* at 7.  Plaintiff loosely asserts a state-law breach-of-contract claim to recover "monies owed" in the amount of $17,132.  *Id.*

Federal courts have limited jurisdiction to hear cases and are duty bound to inquire into whether they have subject-matter jurisdiction at the earliest possible stage of a proceeding.  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999).  The undersigned has reviewed Plaintiff's Complaint and, after giving Plaintiff the opportunity to be heard,[1] concludes the Court lacks subject-matter jurisdiction over this case.

Plaintiff asserts in the instant Complaint an official capacity claim against the duly elected United States Representative for Florida's Third Congressional District.  This is obvious because Plaintiff is seeking payment from public funds, namely the United States Treasury.  *See Tanvir v. Tanzin*, 894 F.3d 449, 458–59 (2d Cir. 2018), *aff'd*, 141 S. Ct. 486 (2020) ("The Supreme Court has stated that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.  In an official capacity suit, the real party in interest is the governmental entity and not the named official.  By contrast, individual

---

[1] On June 2, 2021, the undersigned entered an order to show cause advising Plaintiff of the Court's concern that it lacked subject-matter jurisdiction and directing him to explain why this action should not be dismissed.  ECF No. 17.  Plaintiff filed a response on June 23, 2021.  ECF No. 18.

capacity suits seek to impose individual liability upon a government officer for her actions under color of law.  Any damages awarded in an individual capacity suit will not be payable from the public fisc but rather will come from the pocket of the individual defendant.").

Defendant, therefore, enjoys sovereign immunity.  "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also King v. U.S. Gov't*, 878 F.3d 1265, 1267 (11th Cir. 2018).  Indeed, the Court has an obligation to consider issues of sovereign immunity *sua sponte*.  *Green v. Graham*, 906 F.3d 955, 961 (11th Cir. 2018).  "[S]overeign immunity extends to the United States Congress when it is sued as a branch of government."  *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009), *abrogated on other grounds*, *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020) (citing *Keener v. Congress of U.S.*, 467 F.2d 952, 953 (5th Cir. 1972)).  Consequently, sovereign immunity "forecloses … claims against the House of Representatives and Senate as institutions," as well as Members "acting in their official capacities."  *Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007); *see also Judicial Watch, Inc. v. Schiff*, 474 F. Supp. 3d 305, 310 (D.D.C. 2020).  Because this is such a claim—one against a

3

Member of Congress in an official capacity—it must yield to the United States' sovereign immunity.

As Plaintiff knows,[2] the United States waived sovereign immunity in the Little Tucker Act for any civil action or claim against it "not exceeding $10,000 in amount founded … upon any express or implied contract with the United States," only federal district courts (such as this one) and the United States Court of Federal Claims have "original jurisdiction" over such claims. 28 U.S.C. § 1346(a)(2); *see also United States v. Bormes*, 568 U.S. 6, 16 n.2 (2012). Plaintiff, however, is seeking damages in the amount of $17,132, ECF No. 1 at 7, which exceeds the Little Tucker Act's $10,000 limit. Although the United States also waived sovereign immunity in the Tucker Act for "any claim … founded … upon any express or implied contract with the United States"—without the $10,000 limit on damages— the Tucker Act vests jurisdiction only in the United States Court of Federal Claims, not the federal district courts. 28 U.S.C. § 1491(a)(1). Because this is not the United States Court of Federal Claims, sovereign immunity remains a jurisdictional bar to the Court hearing Plaintiff's instant claim.

---

[2] *See Goodnow v. Third Cong. Dist. of Fla.*, No. 1:20-cv-257-RH-GRJ, 2021 WL 2004811, at **2–4 (N.D. Fla. Mar. 17, 2021), *report and recommendation adopted*, 2021 WL 2002439, at *1 (May 19, 2021) (recommending dismissal of Plaintiff's materially similar claim (alleging damages totaling only $8,000) against the duly elected United States Representative for Florida's Third Congressional District due to sovereign immunity).

Plaintiff's argument to the contrary is not persuasive.  ECF No. 18 at 1.  Plaintiff says he filed this case in the Northern District of Florida because Defendant removed his first case against Rep. Yoho to this Court from Levy County Court last year.  *Goodnow v. Third Cong. Dist. of Fla.*, No. 1:20-cv-257-RH-GRJ, ECF No. 1 (N.D. Fla. Nov. 4, 2020).  Defendant, however, properly removed Plaintiff's first case from state court to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1).  *Id.*  The Court held that it lacked subject-matter jurisdiction over Plaintiff's first case, which was governed by the Little Tucker Act, because it was filed in state court "even though the Court would have had original jurisdiction over Plaintiff's claim if it were initially filed here." *Goodnow v. Third Cong. Dist. of Fla.*, No. 1:20-cv-257-RH-GRJ, 2021 WL 2004811, at *3 (N.D. Fla. Mar. 17, 2021), *report and recommendation adopted*, 2021 WL 2002439, at *1 (May 19, 2021).  Even if Plaintiff sought to cure this deficiency by filing this instant complaint, he failed to do so when he increased the amount of damages to the threshold governed by the Tucker Act because the Tucker Act vests exclusive jurisdiction for actions seeking money damages of more than $10,000 in the Court of Federal Claims.  *Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Hous. and Urban Dev.*, 480 F.3d 1116, 1121 (Fed. Cir. 2007).

This leaves the question of whether it is in the "interest of justice" to transfer this case to the Court of Federal Claims or dismiss it.  28 U.S.C. § 1631; *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (Section 1631 confers on federal courts "authority to make a single decision upon concluding that it lacks jurisdiction—whether to dismiss the case or, "in the interest of justice," to transfer it to a court of appeals that has jurisdiction.").  Because Plaintiff is proceeding *pro se* and "[t]ransfer of a case is usually preferable to dismissal," *Sierra Club v. Tenn. Valley Auth.*, 905 F. Supp. 2d 356, 364 (D.D.C. 2012), it is in the interest of justice to transfer this case to the Court of Federal Claims.[3]

Accordingly, it is respectfully **RECOMMENDED** that this action should be **TRANSFERRED** to the United States Court of Federal Claims.

**IN CHAMBERS** this 29th day of June 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic**

---

[3] Because the Court lacks subject-matter jurisdiction over this case, the undersigned leaves for the transferee court the outstanding issue of whether Plaintiff's case should be dismissed for failure to properly serve the United States.  *See* ECF No. 17 ("The issue of insufficient service has persisted since the start of this case.").

6

**<u>docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**